The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission and the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Pine Hall Brick Company, Inc. was self-insured on 25 March 1994 with Key Risk Management Services as the third-party administrator.
3. Plaintiff had an average weekly wage on 25 March 1994 of $448.70 based upon a Form 22 Wage Statement, which yields a compensation rate of $299.15.
4. In I.C. File Number 112233 plaintiff received a permanent partial disability award of 32.5 percent for a 12 May 1989 compensable back injury. Judicial notice is taken of this prior claim.
5. As a result of plaintiff's back injury of 25 March 1994 plaintiff received short-term disability benefits under an employer-funded plan in the total amount of $2,475.28.
* * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing plaintiff was thirty-eight years old and had been employed with defendant-employer since 1977.
2. On 12 May 1989 plaintiff sustained an injury at work to his cervical spine and as a result underwent surgery by Dr. Phillip Deaton. He received a permanent partial disability rating from Dr. Deaton in the amount of 40 percent and received a second opinion on the rating from Dr. Paul Long in the amount of 25 percent. Plaintiff was compensated for a 32.5 percent permanent partial disability in I.C. File Number 112233. Plaintiff returned to his normal job duties after this injury with defendant-employer. After this injury plaintiff experienced residual pain and stiffness while performing his job.
3. On 21 March 1994 plaintiff and other co-employees were instructed by their supervisor, Tommy Goins, to clean and dismantle kiln cars. Plaintiff complained to Mr. Goins that he could not do this work because of his prior back injury and Mr. Goins told plaintiff to just do what he could. There were less strenuous jobs associated with cleaning and dismantling the kiln cars such as sweeping, shoveling and running the transfer car.
4. On 25 March 1994 plaintiff was working on a kiln car and told his co-employees that he had hurt his back while lifting a block. His co-employees did not think that there was anything unusual about plaintiff's statement because everyone performing the job was complaining about their backs hurting. Also, plaintiff had told one co-employee, William Lowe, that he hurt his back on 21 March 1994 and not 25 March 1994.
5. Plaintiff did not report a work injury to his supervisor on 25 March 1994 although plaintiff was well aware of the workers' compensation reporting procedure due to his prior workers' compensation claims. The defendant's policy required employees to report on-the-job accidents immediately.
6. On 28 March 1994 plaintiff asked his supervisor, Tommy Goins, if he could visit the plant nurse. Plaintiff told Mr. Goins that he had hurt his back over the weekend while down at a fishing pond and that his back had hurt so bad that he struggled to return to his vehicle, and had to have his wife help him into his vehicle. Plaintiff owned a fishing boat that he used while fishing.
7. Plaintiff saw the plant nurse on 29 March 1994. Plaintiff told the company nurse that he had injured his back while lifting kiln blocks and the company nurse then informed the supervisor, Tommy Goins, of what plaintiff said.
8. On 30 March 1994 Mr. Goins approached plaintiff and asked him about his alleged accident and a Form 19 was then completed.
9. Plaintiff was in a fishing contest on 2 June 1994 in which he won a prize for catching the biggest fish.
10. Plaintiff continued to work and perform his normal job duties up until 19 July 1994.
11. Plaintiff was seen by Dr. Paul Long on 6 June 1994. An MRI scan was performed on 14 June 1994 which revealed a broad-based disc protrusion at the L3-4 level and some associated spinal stenosis and foramen encroachment. Dr. Long performed surgery on 19 July 1994. Dr. Long testified by deposition that the disk herniation could have been caused by this event assuming the event of lifting a kiln block that occurred on 25 March 1994. Dr. Long also testified that a different traumatic event could have caused the disk herniation, such as pulling a boat when fishing in March 1994.
12. Plaintiff returned to work earning his regular wages on 12 December 1994.
13. Plaintiff reached maximum medical improvement on 24 February 1995 and was rated by Dr. Long as having a 25% permanent partial impairment of his back.
14. The Full Commission finds that plaintiff did not sustain an injury by accident or specific traumatic incident arising out of his employment because: a) plaintiff failed to report the alleged accident to his supervisor on 25 March 1994, despite his knowledge of the defendant-employer's requirement that accidents be reported immediately, and despite prior claims experience; b) plaintiff told his supervisor on 29 March 1994 that he had hurt his back over the weekend while at a fishing pond; c) plaintiff's co-workers did not think there was anything unusual about his statement that he had hurt his back, since everyone was experiencing back pain while performing the job; d) plaintiff told one co-employee, William Lowe, that he had hurt his back on 21 March 1994 and not 25 March 1994; and e) plaintiff continued to work continuously at his job and did not seek medical treatment until he saw Dr. Long on 6 June 1994 which was after he had been in a fishing contest and had won a prize for the biggest fish. The Full Commission therefore finds plaintiff's testimony not credible.
* * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
Plaintiff did not sustain an injury by accident arising out of and in the course of his employment or a specific traumatic incident with the defendant-employer on 25 March 1994. N.C. Gen. Stat. § 97-2 (6).
* * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for compensation and medical expenses under the North Carolina Workers' Compensation Act must be, and the same is hereby, DENIED.
2. Each side shall pay their own costs, except the defendant shall pay an expert witness fee to Dr. Paul Long of $240.00.
This the 1st day of August 1997.
 S/ _____________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _____________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
S/ _____________ WANDA BLANCHE TAYLOR DEPUTY COMMISSIONER
DCS:jmf